IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| TEHRON B. YOUNG, | ) |
|     Plaintiff, | ) ) ) |
| v. | ) CASE NO. 2:24-cv-00633-RAH ) |
| VALERIE BAILEY, *Washington County Circuit Clerk*, | ) ) ) ) |
|     Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is the *Motion to Dismiss* filed by Defendant Valerie Bailey, the Clerk of Court for Washington County, Alabama. In her motion, Bailey asserts her entitlement to absolute immunity and judicial/quasi-judicial immunity. The motion is due to be granted.

**JURISDICTION AND VENUE**

The Court has original subject matter jurisdiction over the federal issues raised in this case under 28 U.S.C. § 1331. The parties do not contest personal jurisdiction or venue, and there are adequate allegations to support both. *See* 28 U.S.C. § 1391.

**STANDARD OF REVIEW**

A Rule 12(b)(6) motion to dismiss tests the sufficiency of the complaint against the legal standard set forth in Rule 8: "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). At this stage, the court must accept as true all facts alleged in the

complaint and construe all reasonable inferences in the light most favorable to the plaintiff. *Hoffman-Pugh v. Ramsey*, 312 F.3d 1222, 1225 (11th Cir. 2002) (citing *Linder v. Portocarrero*, 963 F.2d 332, 334 (11th Cir. 1992)).

## FACTS AND PROCEDURAL BACKGROUND

Plaintiff Tehron B. Young is incarcerated with the Alabama Department of Corrections. According to Young, he should have been released from state custody on September 5, 2024 by order of the presiding circuit court judge but was illegally detained another nineteen days because of the actions of Valerie Bailey, the Clerk of Court for Washington County, Alabama. Per the Complaint, Bailey failed to promptly send a Transcript of Record/Conviction Report ("Transcript") to the Alabama Department of Corrections ("ADOC").[1] Young claims that Bailey's actions violated his constitutional rights under the Eighth and Fourteenth Amendments. He seeks a declaration that his constitutional rights have been violated and monetary damages in excess of $3,000,000.

Bailey moves to dismiss, invoking immunity because she is a constitutional officer by virtue of her position as the Clerk of Court for Washington County, Alabama—an elected position—and because Young's allegations stem from Bailey's actions in that position.

## DISCUSSION

Young brings this suit against Bailey in her official and individual capacities, and Bailey asserts her entitlement to immunity in both capacities.

The Eleventh Amendment bars a suit against a state, *see Bd. of Trs. of Univ. of Ala. v. Garrett,* 531 U.S. 356, 363 (2001), and this sovereign (or absolute)

---

[1] A review of Young's criminal file on CJIS reveals that Young was released from custody and placed on parole on September 23, 2024, but that his parole was revoked on or around April 7, 2025, after he committed new crimes. Young is currently incarcerated at Kilby Correctional Facility.

immunity from suit extends to "arms of the State," including state officers sued in their official capacities. *See, e.g.*, *Kentucky v. Graham,* 473 U.S. 159, 166 ( 1985) (finding "an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity"); *Schopler v. Bliss*, 903 F.2d 1373, 1378 (11th Cir. 1990) (per curiam). Thus, in her official capacity as the Clerk of Court, which is an arm of the State, Bailey is immune from suit. *See Alabama v. Pugh*, 438 U.S. 781, 782 (1978) (holding that the State of Alabama has not waived its immunity to suit in § 1983 cases).

Bailey is also entitled to absolute judicial and quasi-judicial immunity. The doctrine of judicial immunity bars state and federal claims for damages against a judicial officer for actions taken in her judicial capacity. *Mireles v. Waco*, 502 U.S. 9, 9–10 (1991) (per curiam); *see Roland v. Phillips*, 19 F.3d 552, 555 (11th Cir. 1994) (holding that absolute judicial immunity extends both to judges and to other non-judicial officials whose "official duties have an integral relationship with the judicial process" (cleaned up)). While "[c]ourt clerks enjoy a narrower ambit of immunity than judges," *Hyland v. Kolhage*, 267 F. App'x 836, 842 (11th Cir. 2008) (quotation marks and citation omitted), "[n]onjudicial officials have absolute immunity for their duties that are integrally related to the judicial process." *Jenkins v. Clerk of Ct., U.S. Dist. Ct., S. Dist. of Fla.*, 150 F. App'x 988, 990 (11th Cir. 2005) (per curiam) (citation omitted).

While court clerks are not entitled to absolute immunity from claims for equitable relief, they do "have absolute immunity from actions for damages arising from acts they are specifically required to do under court order or at a judge's direction." *Tarter v. Hury*, 646 F.2d 1010, 1013 (5th Cir. Unit A June 1981); *see also Roland*, 19 F.3d at 556 n.4 (explaining that "[w]hen a court official acts pursuant to a direct judicial order, absolute quasi-judicial immunity is obvious").

Judicial officers also are not absolutely immune from suits for declaratory

3

relief if the plaintiff establishes a violation, a serious risk of continuing irreparable injury if the relief is not granted, and the absence of an adequate remedy at law. *Bolin v. Story*, 225 F.3d 1234, 1242 (11th Cir. 2000) (per curiam).

"This absolute immunity for acts within the jurisdiction of the judicial officer is extended even where the officer acts in error, maliciously, or in excess of his authority." *Almon v. Gibbs*, 545 So. 2d 18, 20 (Ala. 1989) (per curiam) (citing *Stump v. Sparkman*, 435 U.S. 349, 357 (1978); *Scott v. Dixon*, 720 F.2d 1542, 1546 (11th Cir. 1983)).

The actions about which Young complains stem from Bailey's actions in carrying out the duties associated with her position as Clerk of Court for Washington County, Alabama. Young complains that Bailey failed to promptly send his Transcript to the Alabama Department of Corrections, which caused harm in the context of nineteen days of extended detention. This conduct clearly falls within the scope of the Clerk of Court duties, which are an integral part of the judicial process. As such, Bailey has judicially-based, absolute immunity for her actions over which Young seeks monetary damages and declaratory relief. *See Scott*, 720 F.2d at 1546; *see also Smith v. Erickson*, 884 F.2d 1108, 1111 (8th Cir. 1989) (holding that filing of documents by clerk is integral part of judicial process and protected by judicial immunity). This is true even if Young is correct that Bailey did not promptly send his Transcript to the ADOC causing a delay in his release.

Further, to the extent Young seeks declaratory relief, such relief still is subject to absolute immunity as he failed to sufficiently show a violation, a serious risk of continuing irreparable injury if the relief is not granted, and the absence of an adequate remedy at law. *See Bolin*, 225 F.3d at 1242. There is no allegation of a risk of continuing irreparable injury, nor the absence of an adequate remedy at law. Nor could there be, as the injury ended on September 24, 2024, when Young was released, apparently in response to the ADOC having received the Transcript. And

4

if he was improperly detained, he certainly had a legal remedy through judicial action in the Circuit Court of Washington County, Alabama or an Alabama appellate court.

Based on the foregoing, Bailey is entitled to immunity against Young's claims, and therefore the Complaint is due to be dismissed.

## CONCLUSION

For the reasons stated in this opinion, Defendant Valerie Bailey's *Motion to Dismiss*[2] (doc. 15) is due to be and is hereby **GRANTED**. Due to the dismissal, Plaintiff's request for appointment of counsel (doc. 20) and request for a court hearing and transport (doc. 24) are **DENIED** as moot. A separate judgment will issue.

**DONE**, on this the 26th day of June 2025.

R. AUSTIN HUFFAKER, JR.
UNITED STATES DISTRICT JUDGE

---

[2] It is difficult to discern whether Young is suing Bailey only or is also suing the position Washington County Clerk of Court. If both, the analysis is the same in that immunity bars Young's claims against the Clerk of Court and its employees just as it does against Bailey.